IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| RICHARD GIFFORD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-05-1300-M |
| | ) | |
| OKLAHOMA COTTON COOPERATIVE ASSOCIATION, and PLAINS COTTON COOPERATIVE ASSOCIATION, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Before the Court is defendants' Second Motion to Dismiss for Failure to State a Claim under Rule 12(b)(6), filed May 22, 2006. On June 12, 2006, plaintiff filed his response. Based upon the parties' submissions, the Court makes its determination.

I.   Introduction

In 2005, defendants terminated plaintiff's employment. Amended Complaint at ¶ 9. Plaintiff asserts that the reasons stated for the termination were a pretext or ruse for an underlying unlawful intent on the part of defendants to discriminate against him due to his age. *Id.* Additionally, plaintiff asserts that during his term of employment with defendants, defendants urged him to "tag" or otherwise label cotton bales in a manner which violated federal law and/or Oklahoma law. Plaintiff contends that defendants terminated his employment in retaliation for his refusal to violate federal law and/or Oklahoma law regarding the tagging or labeling of cotton bales. *Id.* Based upon the above, plaintiff alleges claims for age discrimination under the Age Discrimination in Employment Act and for wrongful discharge in violation of Oklahoma public policy.

II.   Discussion

Pursuant to Federal Rule of Civil Procedure 12(b)(6), defendants move this Court to dismiss plaintiff's claim for wrongful discharge in violation of Oklahoma public policy, for failure to state a claim upon which relief can be granted.  When reviewing a motion to dismiss for failure to state a claim under Rule 12(b)(6), a court accepts "as true all well-pleaded facts, as distinguished from conclusory allegations, and view[s] those facts in the light most favorable to the nonmoving party." *Maher v. Durango Metals, Inc.*, 144 F.3d 1302, 1304 (10th Cir. 1998).  "A complaint may be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) only if the plaintiff can prove no set of facts to support a claim for relief."  *David v. City and County of Denver*, 101 F.3d 1344, 1352 (10th Cir. 1996) (internal quotations and citations omitted).

In *Burk v. K-Mart Corp.*, 770 P.2d 24, 28 (Okla. 1989), the Oklahoma Supreme Court recognized a cause of action for wrongful discharge in violation of "a clear mandate of public policy as articulated by constitutional, statutory, or decisional law", creating an exception to Oklahoma's general rule of at-will employment.  The Oklahoma Supreme Court held that " an employee [who] is discharged for refusing to act in violation of an established and well-defined public policy or for performing an act consistent with a clear and compelling public policy" may bring a tort claim for wrongful discharge.  *Id.* at 29.   However, the Oklahoma Supreme Court found that "the public policy exception must be tightly circumscribed."  *Id.*

In support of his claim for wrongful discharge in violation of Oklahoma public policy, plaintiff relies upon Okla. Stat. tit. 21, § 1541.1 and the common law tort of "fraud" and

"misrepresentation." Amended Complaint at ¶ 14.[1] Section 1541.1 provides:

> Every person who, with intent to cheat and defraud, shall obtain or attempt to obtain from any person, firm or corporation any money, property or valuable thing, of a value less than Five Hundred Dollars ($500.00), by means or by use of any trick or deception, or false or fraudulent representation or statement or pretense, or by any other means or instruments or device commonly called the "confidence game", or by means or use of any false or bogus checks, or by any other written or printed or engraved instrument or spurious coin, shall be guilty of a misdemeanor and upon conviction thereof shall be punished by a fine not to exceed One Thousand Dollars ($1,000.00), or by imprisonment in the county jail for not more than one (1) year, or by both such fine and imprisonment.

Okla. Stat. tit. 21, § 1541.1.

Having carefully reviewed the Amended Complaint, section 1541.1, and the decisional law setting forth Oklahoma's common law tort of fraud and misrepresentation, the Court finds that section 1541.1 and the common law tort of fraud and misrepresentation are not sufficient to establish the "clear mandate of public policy" necessary to state a claim for wrongful discharge in violation of Oklahoma public policy. The Court finds that the statute and the decisional law are quite general in nature and do not specifically relate to labeling cotton bales, the conduct at issue in the case at bar. In light of the *Burk* court's admonition that the public policy exception be "tightly circumscribed," the Court finds that the general prohibition of presenting fraudulent written instruments for value is "far too slender a reed upon which to base a public policy tort." *McKenzie v. Renberg's Inc.*, 94 F.3d 1478, 1488 (10th Cir. 1996). Accordingly, the Court finds that plaintiff's claim for wrongful discharge in violation of Oklahoma public policy should be dismissed.

---

[1] In his Amended Complaint, plaintiff also relies upon 15 U.S.C. § 70b. A federal statute, however, cannot by itself serve as a statement of Oklahoma policy. *Clinton v. State ex rel. Logan County Election Bd.*, 29 P.3d 543, 546 (Okla. 2001).

Further, in his response, plaintiff moves the Court to allow him to file a Second Amended Complaint in the event the Court grants defendant's motion to dismiss. Because plaintiff has already had the opportunity to amend his complaint to include the specific public policy which he asserts was violated, and because the Court finds any additional amendment would be futile, the Court denies plaintiff's motion to allow him to file a Second Amended Complaint.

III.   Conclusion

For the reasons set forth above, the Court GRANTS defendants' Second Motion to Dismiss for Failure to State a Claim under Rule 12(b)(6) [docket no. 25] and DISMISSES plaintiff's claim for wrongful discharge in violation of Oklahoma public policy [Count Two of plaintiff's Amended Complaint].

**IT IS SO ORDERED this 3rd day of November, 2006.**

*/s/ Vicki Miles-LaGrange*
VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE