## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RICHARD GIFFORD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-05-1300-M |
| ) | |
| OKLAHOMA COTTON ) | |
| COOPERATIVE ASSOCIATION and ) | |
| PLAINS COTTON COOPERATIVE ) | |
| ASSOCIATION, ) | |
| ) | |
| Defendants. ) | |

### ORDER

Before the Court is plaintiff's Motion for Leave to File Amended Complaint, filed February 5, 2007. On February 19, 2007, defendants filed their response. Based upon the parties' submissions, the Court makes its determination.

Plaintiff moves this Court for leave to file an amended complaint to include a separate, state law based claim for age discrimination in connection with plaintiff's termination from employment. Defendants object to plaintiff's proposed amendment.

Rule 15(a) provides, in pertinent part, that "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a) (emphasis added).

> Rule 15(a) declares that leave to amend shall be freely given when justice so requires; this mandate is to be heeded. . . . If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be freely given. Of course,

>the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman v. Davis*, 371 U.S. 178, 182 (1962) (internal quotations and citation omitted).

Defendants object to the proposed amendment and assert that plaintiff's motion may be a subterfuge for plaintiff to reassert a public policy exception that has already been dismissed. Defendants further assert that they would be prejudiced if the Court grants the amendment because they have already deposed plaintiff and received written discovery responses. Finally, defendants assert that the case law plaintiff relies upon does not support the amendment to plaintiff's Complaint and that plaintiff is outside the statute of limitations to raise a public policy claim under the Oklahoma Anti-Discrimination Act.

Having carefully reviewed the parties' submissions, the Court finds that justice requires that plaintiff be granted leave to amend his Complaint. Specifically, upon review of plaintiff's motion, the Court does not find that the motion is a subterfuge for plaintiff to reassert the public policy claim that was previously dismissed by this Court. The Court further finds that defendants will not be prejudiced if plaintiff is allowed to amend his Complaint and that much of the discovery which has already been conducted in this case should be applicable to plaintiff's new state law based claim for age discrimination. Finally, the Court finds any argument that the case law does not support a state law based claim for age discrimination and that plaintiff is outside the statute of limitations to raise his new claim would more properly be brought through a motion to dismiss after the amended complaint has been filed.

Accordingly, the Court GRANTS plaintiff's Motion for Leave to File Amended Complaint [docket no. 40]. Plaintiff shall file his Amended Complaint within ten (10) days of the date of this Order.

**IT IS SO ORDERED this 27th day of February, 2007.**

/s/ Vicki Miles-LaGrange
VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE