**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| RICHARD GIFFORD, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>OKLAHOMA COTTON COOPERATIVE )<br>ASSOCIATION and PLAINS COTTON )<br>COOPERATIVE ASSOCIATION, )<br>)<br>Defendants. ) | Case No. CIV-05-1300-M |

**ORDER**

This case is scheduled for trial on the Court's June, 2007 trial docket.

Before the Court is defendants' Motion for Summary Judgment, filed March 26, 2007. On April 23, 2007, plaintiff filed his response, and on April 30, 2007, defendants filed their reply. Based upon the parties' submissions, the Court makes its determination.

I.      Introduction

Plaintiff Richard Gifford worked for defendant Oklahoma Cotton Cooperative Association ("OCCA") from January 15, 1980 until he was terminated on October 15, 2004.[1] Plaintiff's termination resulted after a year-long investigation into possible theft of propane gas from the OCCA facility. The stated reason for plaintiff's termination was "loss of confidence."

On November 8, 2005, plaintiff brought the instant action alleging age discrimination under the Age Discrimination in Employment Act ("ADEA"), as well as claims under Oklahoma law for age discrimination in violation of public policy. Defendants now move for summary judgment on plaintiff's claims.

---

[1] At the time of his termination, plaintiff was a "Supervisor of Receiving."

II.     Summary Judgment Standard

"Summary judgment is appropriate if the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The moving party is entitled to summary judgment where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. When applying this standard, [the Court] examines the record and reasonable inferences drawn therefrom in the light most favorable to the non-moving party." *19 Solid Waste Dep't Mechs. v. City of Albuquerque*, 156 F.3d 1068, 1071-72 (10th Cir. 1998) (internal citations and quotations omitted).

"Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Furthermore, the non-movant has a burden of doing more than simply showing there is some metaphysical doubt as to the material facts. Rather, the relevant inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Neustrom v. Union Pac. R.R. Co.*, 156 F.3d 1057, 1066 (10th Cir. 1998) (internal citations and quotations omitted).

III.    Discussion

To establish a prima facie case of age discrimination, plaintiff must show that (1) he belongs to the protected age group; (2) his job performance was satisfactory; (3) he was discharged; and (4) he was replaced by a younger person. *MacDonald v. Delta Airlines, Inc.*, 94 F.3d 1437, 1441 (10th Cir. 1996). In their motion for summary judgment, defendants assert that plaintiff can not establish that he was replaced by a younger person.

The Court has carefully reviewed the parties' briefs and evidentiary submissions. Viewing

the evidence in the light most favorable to plaintiff and viewing all reasonable inferences in plaintiff's favor, as the Court must when addressing a motion for summary judgment, the Court finds that plaintiff has not established the fourth element of his prima facie case – that he was replaced by a younger person. The evidence is undisputed that immediately following plaintiff's termination, plaintiff's job duties were absorbed by two existing supervisors, both of whom were older than plaintiff. Additionally, it is undisputed that plaintiff's third supervisor position has never been filled. Finally, it is undisputed that Tracy Spring, who is younger than plaintiff and who plaintiff alleges replaced him, did not become a supervisor until November, 2005, over a year after plaintiff's termination.[2]

Based upon this undisputed evidence, the Court finds that plaintiff was not replaced by anyone, younger or older. Further, even assuming that plaintiff was "replaced," the Court finds that plaintiff was replaced by older individuals, not younger. Finally, the Court finds the fact that Mr. Spring began performing some of plaintiff's former job duties over a year after plaintiff's termination is insufficient to establish "replacement" under the ADEA because it is too attenuated in time to plaintiff's termination.

Accordingly, the Court finds that defendants are entitled to summary judgment on plaintiff's age discrimination claims.

---

[2] The Court would note that Mr. Spring replaced Loren Vier, one of the supervisors who had assumed plaintiff's duties. Mr. Vier was promoted to plant manager of one of defendants' newly acquired facilities, and Mr. Spring was promoted to Mr. Vier's former supervisor position.

IV.     Conclusion

For the reasons set forth above, the Court GRANTS defendants' Motion for Summary Judgment [docket no. 45].

**IT IS SO ORDERED this 9th day of May, 2007.**

_____
VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE